# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON RAY REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRINH, et al.,<br><br>　　　　Defendants. | 1:14cv00231 DLB PC<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>**THIRTY-DAY RESPONSE DEADLINE** |

　　　　Plaintiff Myron Ray Reed ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on February 21, 2014.[1] He names psychiatrists Chinh R. Trinh, M.D. and J. Garewal, M.D., and psychologist L. Massac as Defendants.

　　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner

---

[1] On February 28, 2014, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In his complaint, Plaintiff concedes that he has not filed *any* administrative appeals. He states that it has been eight years since he was treated with allegedly dangerous medication, though he only learned of it recently while he was serving a new sentence. Plaintiff states that he was watching a television commercial that informed him that the Federal Drug Administration deemed three medications "as bad drugs." ECF No. 1, at 3. Plaintiff states that it would be "inadequate" to file an administrative appeal for events that occurred eight years ago.

Pursuant to Title 15 of the California Code of Regulations, section 3084.8, an appeal must be filed within thirty (30) calendar days of the event, OR upon first having knowledge of the action being appealed. Therefore, the fact that eight years has elapsed is not an excuse to exhaustion where there was a delay in discovery of the claim.

It therefore appears that Plaintiff has filed suit prematurely without first exhausting in compliance with section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within thirty (30) days from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (in those rare cases where a failure to exhaust is clear from the face of the complaint, the complaint may be dismissed for failure to state a claim).

IT IS SO ORDERED.

Dated: **July 24, 2014**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE