# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON RAY REED, | 1:14cv00231 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| TRINH, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Myron Ray Reed ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on February 21, 2014.[1] He names psychiatrists Chinh R. Trinh, M.D. and J. Garewal, M.D., and psychologist L. Massac as Defendants.

**A.  LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] On February 28, 2014, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
2  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails
3  to state a claim upon which relief may be granted."  28 U.S.C.
4  § 1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the pleader is
6  entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
9  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state
10  a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual
11  allegations are accepted as true, legal conclusions are not.  Id.

12        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
13  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
14  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
15  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions
16  of each named defendant to a violation of his rights; there is no respondeat superior liability under
17  section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21
18  (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at
19  934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556
20  U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
21  of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
22  at 969.

23  **B.**    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

24        Plaintiff is currently incarcerated at Valley State Prison in Chowchilla, California.  The events
25  at issue occurred at Wasco State Prison Reception Center.

26        Plaintiff alleges that in 2004 and 2005, he was prescribed three medications.  Plaintiff alleges
27  that (1) Risperdal gave him female breasts; (2) Paxil caused him to attempt suicide after his release
28  from prison in 2005; and (3) Seroquel caused him to be overly sensitive, which caused him to get into

1  an altercation with prison staff.  The altercation with staff caused Plaintiff to be admitted to
2  Atascadero State Mental Hospital.

3  Plaintiff is currently serving a new sentence, and he alleges that while watching a television
4  commercial, he learned that these medications were "bad medications" that caused the problems.  ECF
5  No. 1, at 4.

6  As exhibits, Plaintiff attaches medical records from 2004 and 2005 showing that Defendants
7  prescribed him the medications at issue.

8  **C.     DISCUSSION**

9  While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
10 care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to
11 an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled
12 in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.
13 Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
14 Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition
15 could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that
16 "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing
17 Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act
18 or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the
19 indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind
20 is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d
21 at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

22 "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060
23 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from
24 which the inference could be drawn that a substantial risk of serious harm exists,' but that person
25 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official
26 should have been aware of the risk, but was not, then the official has not violated the Eighth
27 Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290
28 F.3d 1175, 1188 (9th Cir. 2002)).

1    Here, Plaintiff alleges that Defendants, two psychiatrists and a psychologist who treated him in 2004 and 2005, prescribed medications that caused various side effects. However, although Plaintiff attaches treatment notes, neither the allegations in his complaint nor his exhibits demonstrate that any Defendant acted with the requisite state of mind- that they knew of, and disregarded, a substantial risk of harm to Plaintiff. Rather, the medical records demonstrate that Plaintiff received treatment, including medications, for a variety of mental and physical ailments. There is no indication that Defendants did anything other than treat Plaintiff and prescribe him medications. In other words, although Plaintiff may have recently discovered information which leads him to believe that these medications are "bad," Plaintiff does not allege that any Defendant knew of any problems at the time of their treatment and disregarded those problems.

Simply prescribing medication that may have unwanted side effects *does not* amount to deliberate indifference. Moreover, neither malpractice, nor gross negligence, rise to the level of deliberate indifference. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, to the extent that Plaintiff disagreed with his doctors' treatment decisions, "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

For these reasons, Plaintiff fails to state a claim against any Defendant.  In fact, given Plaintiff's admission that even he didn't know that the medications were allegedly connected to negative side effects until years later, it is unlikely that he can show deliberate indifference by any Defendant at the time of their treatment.  Nonetheless, the Court will afford Plaintiff one opportunity to amend his allegations, if he can do so in good faith.

### D.      CONCLUSION AND ORDER

Plaintiff's complaint fails to state any claim against any Defendants.

Plaintiff will be permitted one opportunity to amend his complaint, but he should only amend if he can do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Plaintiff should file her amended complaint on the complaint form provided.

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **August 13, 2014**                     /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE