**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYRON RAY REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHINH D. TRINH, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00231-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>[ECF No. 1] |

Plaintiff Myron Ray Reed is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 28, 2014. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed August 19, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

While serving time at Wasco State Reception Center Prison in 2004 through 2006, Plaintiff was prescribed three medications which caused side effects. Plaintiff repeatedly told doctors that he was suicidal and complained that he was suffering side effects from the prescribed medications. The doctors refused to take him off the medications, but they either ignored his requests or increased the dosage of medications.

Plaintiff alleges that (1) Risperdal gave him female breasts; (2) Paxil caused him to repeatedly attempt suicide; and (3) Seroquel caused him to be overly sensitive leading to a physical altercation with a peace officer and was sent to Atascadero State Mental Hospital.

Plaintiff has been informed by watching a television commercial that the Federal Drug Administration deemed these medications as "bad" drugs.

## III.

## DISCUSSION

### A. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-955.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations – timely notice to the defendant of the plaintiff's claims – has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of plaintiff, id. at 101-103.

Plaintiff was incarcerated at the time he filed suit and is entitled to the application of the two year tolling provision. Therefore, Plaintiff had two years, plus two years for tolling, for a total of four years from the date the cause of action accrued to file suit. Plaintiff's allegations are based on incidents that took place from 2004 through 2006. In this instance, it is clear that Plaintiff was aware of the bad side effects he was suffering from the medications that were prescribed to him in 2004 through 2006, as he complained of such to medical professionals. Yet, Plaintiff did not file the instant action until 2014-well after the statute of limitations expired. The Court will grant the opportunity to show cause why his claims are not barred by the statute of limitations.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed as time-barred; and
2. Plaintiff's failure to respond to this order to show cause will result in dismissal of the action for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **September 9, 2016**

UNITED STATES MAGISTRATE JUDGE