# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON RAY REED,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINH D. TRINH, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00231-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO RESPOND TO THE COURT'S ORDER TO SHOW CAUSE AND FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 14, 17] |

      Plaintiff Myron Ray Reed is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 28, 2014.  Local Rule 302.

      On September 9, 2016, the Court issued for Plaintiff to show cause within thirty days why the action should not be dismissed for failure to state a cognizable claim for relief, namely, as barred by the applicable statute of limitations.  A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint."  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006).

      More than thirty days have passed, and Plaintiff has not filed a response to the Court's order to show cause or otherwise responded to the Court's order.  Plaintiff was warned that if he failed to comply, this action would be dismissed.

1        The Court has the inherent power to control its docket and may, in the exercise of that power,
2 impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty.,
3 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh
4 "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
5 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases
6 on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA)
7 Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).
8 These factors guide a court in deciding what to do, and are not conditions that must be met in order for
9 a court to take action.  Id. (citation omitted).

10        Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court
11 is left with no alternative but to dismiss the action for failure to comply with a court order and failure
12 to state a cognizable claim for relief.  Id.  This action can proceed no further without Plaintiff's
13 cooperation and compliance with the order at issue, and the action cannot simply remain idle on the
14 Court's docket.  Id.  Accordingly, this action is HEREBY DISMISSED for failure to obey a court
15 order and for failure to state a cognizable claim for relief.

17 IT IS SO ORDERED.

18 Dated: **October 19, 2016**          /s/ *[signature]*
19                                         UNITED STATES MAGISTRATE JUDGE